E-FILED
Friday, 05 March, 2021  04:22:05 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | |
|---|---|
| **JAMES REGAN, individually and on behalf of all others similarly situated,** | |
| Plaintiff, | Case No.  21-cv-3064 |
| v. | Removed from the State of Illinois, Circuit Court of Sangamon County, Case No. 2020 L 000244 |
| **BAJCO ILLINOIS LLC,** | |
| Defendant. | |

## NOTICE OF REMOVAL

Defendant Bajco Illinois LLC ("Bajco Illinois" or "Defendant") hereby removes the above-captioned action, which is currently pending in the Illinois Circuit Court of Sangamon County, to the United States District Court for the Central District of Illinois. This removal is based on jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), pursuant to 28 U.S.C. §§ 1332(d), 1441(b), and 1446. In support of its Notice of Removal, Defendant states the following:

### *The State Court Action*

1.      On December 11, 2020, Plaintiff James Regan ("Regan" or "Plaintiff") filed a putative class action complaint ("Complaint") in the Sangamon County Circuit Court, captioned *James Regan, individually and on behalf of all others similarly situated*, Case No. 2020 L 000244 (the "Action"). The Complaint alleges that Defendant violated the Illinois Biometric Information Privacy Act (740 ILCS 14/1, *et seq.*) ("BIPA") in five different ways. (*See* Exhibit 2, Compl., ¶¶ 15, 77-8, 86-7, 96-7.)

2.      Defendant was served with a copy of the Summons and Plaintiff's Motion for Class Certification and Request for Discovery on Certification Issues ("Motion for Class Certification")

on February 3, 2021.[1] This was Defendant's first formal notice of the Action. In accordance with 28 U.S.C. § 1446(b), a true and correct copy of all process, pleadings, and orders served upon Defendant, is attached as **Exhibit 1**. Defendant also attaches as **Exhibit 2** a copy of the Complaint. The Complaint was not served on Defendant by Plaintiff, but rather was obtained independently by Defendant after being served with the Summons and Motion for Class Certification. No other processes, pleadings, or orders have been served on Defendant in this matter.

3.      This Notice of Removal is timely filed within 30 days of Defendant's receipt of service as permitted by 28 U.S.C. § 1446(b).

4.      Plaintiff alleges that he brings this Complaint on behalf of a proposed class of "[a]ll persons who were enrolled in the biometric timekeeping system and subsequently used a biometric timeclock while employed/working for Defendant in Illinois during the applicable statutory period." (the "Class"). (Ex. 2, Compl., ¶ 71.) Plaintiffs assert that there are "in excess of forty potential class members." (*Id.*, ¶ 72.)

5.      Plaintiff alleges that Defendant violated his rights and the rights of the Class under BIPA by:

- Failing to publicly provide a retention schedule or guideline for permanently destroying its employees' biometric identifiers and information, in violation of 740 ILCS 14/15(a).
- Failing to inform Plaintiff and the Class in writing that their biometric identifiers and information were being collected and stored, in violation of 740 ILCS 14/15(b)(1);
- Failing to inform Plaintiff and the Class in writing of the specific purpose and length of term for which their biometric identifiers or information were being collected, stored, and used, in violation of 740 ILCS 14/15(b)(2);
- Failing to obtain written releases from Plaintiff and the Class before it collected, used and stored their biometric identifiers

---

[1] Defendant does not concede, and specifically reserve the right to contest, that it was properly served in this matter in light of the fact that it was not served with a copy of the Complaint.

and information, in violation of 740 ILCS 14/15(b)(3); and

- Disclosing Plaintiff and the Class's biometric identifier or information without first obtaining consent for such disclosure, in violated of 740 ILCS 15(d)(1).

(*See id.*, ¶¶ 15, 77-8, 86-7, 96-7.)

6.      Plaintiffs seek declaratory and injunctive relief, statutory damages on behalf of themselves and the Class for each time Defendant violated BIPA, reasonable attorneys' fees and litigation expenses; and pre- and post-judgment interest. (*Id.*, Prayer for Relief.)

*Venue*

7.      Because the Circuit Court of Sangamon County lies in the Central District of Illinois, Springfield Division, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 93(b), 1441(a), and 1446(a).

8.      As explained further below, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332(d) because it is a civil action between citizens of different states and the amount in controversy for the Class members in the aggregate exceeds $5,000,000.[2]

*CAFA Jurisdiction*

9.      Removal jurisdiction exists because this Court has original jurisdiction over this action under CAFA. *See* 28 U.S.C. § 1332(d). In relevant part, CAFA grants district courts original jurisdiction over civil actions filed under federal or state law in which any member of a class of plaintiffs, which numbers at least 100, is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

---

[2] Defendant does not concede, and specifically reserve the right to contest, all of Plaintiff's alleged factual assertions, legal contentions, and alleged damages.

10.     CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

11.     Plaintiff is a citizen of Illinois. (Ex. 2, Compl., ¶ 1.)

12.     Bajco Illinois is a limited liability company formed under the laws of Ohio. Its sole member is Bajco Central LLC, which has no members that are citizens of Illinois. Therefore, Bajco Illinois is not a citizen of Illinois.

13.     Thus, diversity for purposes of CAFA is satisfied because Plaintiff is a citizen of Illinois, and Defendant is not.

14.     Defendant is not a state, state official, or other governmental entity, as required by 28 U.S.C. § 1332(d)(5)(A).

15.     The putative class consists of 100 or more individuals, as required by 28 U.S.C. § 1332(d)(5)(B). Here, Plaintiff alleges that "employees are…required to scan their finger into one of Defendant's biometric time clocks when they clock in or out of work." (*See* Ex. 2, Compl., ¶ 51.) While Defendant denies that its timekeeping system captured biometrics of Plaintiff or the Class alleged in the Complaint, within the state of Illinois, approximately 1,000 employees have enrolled in timeclocks that scanned a portion of the employee's fingertip since December 11, 2015. Accordingly, the putative class consists of more than 100 individuals.

16.     Though Plaintiff's Complaint is silent as to the total amount of damages claimed, their pleadings and putative class plausibly place more than $5,000,000 in controversy. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006); *Blomberg v. Service Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011).

17. Plaintiff alleges Defendant owes statutory damages for each violation of BIPA which, for intentional and/or reckless violations, could amount to $5,000 per violation. (*See* Ex. 2, Compl., Prayer for Relief, § D; 740 ILCS 14/20(2).) There have been approximately 1,000 employees enrolled in the timeclocks in the five years preceding Plaintiff's Complaint being filed. Plaintiff's Complaint alleges five BIPA violations per class member. (Ex. 2, Compl., ¶¶ 77-8, 86-7, 96-7.) Accordingly, if Defendant is found to have willfully committed all five alleged violations of BIPA with respect to 1,000 putative class members, the amount in controversy is $25,000,000, exclusive of attorneys' fees.

18. While Defendant denies the validity and merit of all of Plaintiff's claims and denies his requests for relief thereon, the factual allegations in Plaintiff's Complaint put the total amount of damages at issue in this action in excess of $5,000,000, which exceeds this Court's jurisdictional minimum under CAFA.

19. As a result of the diversity of citizenship and amount in controversy, removal of this Action under CAFA is appropriate.

### Compliance With Procedural Requirements

20. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days of Defendant being served with the Summons and Motion for Class Certification on February 3, 2021.

21. Attached as **Exhibit 3** is a true and correct copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served upon Plaintiff James Regan, as required by 28 U.S.C. § 1446(d), through his attorneys, Brandon Wise and Paula Lesko, Peiffer Wolf Carr Kane & Conway, APLC, 818 Lafayette Avenue, Floor 2, St. Louis, Missouri 63104.

22.     A true and correct copy of this Notice of Removal has been forwarded for filing in the Circuit Court of Sangamon County. Attached as **Exhibit 4** is a copy of the Notice to State Court of Filing Notice of Removal, the original of which is being filed with the Clerk of the Circuit Court of Sangamon County, as required by 28 U.S.C. § 1446(d).

23.     Defendant files this Notice of Removal solely for the purpose of removing the instant Action and does not waive, and specifically reserves, any and all defenses.

**WHEREFORE,** having fulfilled all statutory requirements, Defendant Bajco Illinois, LLC hereby removes this Action from the Circuit Court of Sangamon County, to this Court, and requests this Court assume full jurisdiction over the matter as provided by law and permit this Action to proceed before it as a matter properly removed thereto.

Dated: March 5, 2021                                    Respectfully Submitted,


                                                   */s/ Orly Henry*_____


Kwabena Appenteng, ARDC #6294834
*kappenteng@littler.com*
Orly Henry, ARDC #6306153
*ohenry@littler.com*
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, Illinois 60654
312-372-5520

Patricia J. Martin, ARDC #6288389
*pmartin@littler.com*
LITTLER MENDELSON, P.C.
600 Washington Avenue, Suite 900
St. Louis, Missouri 63101
314-659-2000

*Attorneys for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I, Orly Henry, an attorney, certify that I caused a copy of the foregoing document to be served upon the below attorneys of record via email on March 5, 2021:

Brandon Wise
*bwise@peifferwolf.com*
Paul Lesko
*plesko@peifferwolf.com*
Peiffer Wolf Carr Kane & Conway, APLC
818 Lafayette Avenue, Floor 2
St. Louis, Missouri 63104

*/s/ Orly Henry*
One of Defendant's Attorneys