IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| JAMES REGAN, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 21-cv-3064 |
| BAJCO ILLINOIS LLC, | ) ) ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Bajco Illinois LLC's (Bajco) Motion to Stay Proceedings (d/e 12) (Motion). For the reasons set forth below, the Motion is ALLOWED, and the matter is stayed for 90 days.

## BACKGROUND

Plaintiff James Regan brings this action against his former employer Bajco for violations of the Illinois Biometric Information Privacy Act (BIPA). 740 ILCS 14/1, et seq. Regan filed the action in Illinois Circuit Court for Sangamon County, Illinois. Bajco removed that action to this Court. Notice of Removal (d/e 1). Regan alleges he previously worked for Bajco. He alleges that he was required to provide Bajco, or its agent, with his fingerprint, and he was required clock-in and clock-out at work by scanning his fingerprint on the biometric timeclock device. Notice of Removal,

Exhibit 2, Class Action Complaint, ¶¶ 33-37.  Regan alleges Bajco violated the BIPA by failing to create written policies, make them publicly available, establish a retention schedule and destruction guidelines for retained biometric information (Count I); failing to provide required notices to Regan and securing his written consent before capturing his fingerprint (Count II); disseminating Regan's fingerprint without his consent (Count III).  Regan brings the action on behalf of himself and the other employees of Bajco's facilities in Illinois.  Class Action Complaint, ¶¶ 76-103.  Regan seeks declaratory, injunctive, and monetary relief.  Regan seeks $1,000 in statutory damages for each negligent violation of BIPA and $5,000 for each intentional or reckless violation, plus prejudgment interest.  Class Action Complaint, Prayer for Relief.  Bajco has answered and asserted various affirmative defenses.  Defendant's Answer and Affirmative Defenses to Plaintiff's Class Action Complaint (d/e 14).

     Bajco has also moved to stay the proceeding pending the resolution of four appeals now pending:  Cothron v White Castle System, Inc., Case No. 20-3202 pending before the Seventh Circuit Court of Appeals; Tims v. Black Horse Carriers, Inc., Case No. 1-20-0562, pending before the Illinois Appellate Court for the First District; Marion v. Ring Container Techs., LLC, No. 3-20-0184, pending before the Illinois Appellate Court for the Third

District; and McDonald v. Symphony Bronzeville Park, LLC, No. 126511, pending before the Illinois Supreme Court.

The Cothron case concerns whether a private entity, such as an employer, violates BIPA only when the entity allegedly first collects or first discloses biometric data, such as a fingerprint, without complying with BIPA, or whether a violation occurs each time that entity allegedly collects or discloses the individual's biometric data. In Regan's case, the issue would be whether one violation occurred during his employment and the cause of action accrued when he allegedly provided his fingerprint to Bajco, or did a separate violation occur each time he allegedly clocked in or out with his fingerprint and each time Bajco allegedly disseminated his fingerprint to a third party.

The Tims and Marion cases address which statute of limitations applies. The BIPA does not include a statute of limitations. The issue in these appeals is which of these three possible statutes of limitations applies: the Illinois one-year statute of limitations for publications of matter violating the right to privacy, 735 ILCS 5/13-201; the two-year statute of limitations for personal injury torts, 735 ILCS 5/13-202; or the five-year catchall statute, 735 ILCS 5/13-205.

The McDonald case addresses whether the Illinois Workers' Compensation Act (IWCA), 820 ILCS 305/1, preempts employees' claims against employers under BIPA.  Regan opposes the proposed stay.

ANALYSIS

The Court has broad discretion in deciding whether to stay proceedings. United States Securities and Exchange Commission v. Glick, 2019 WL 78958 at *5 (N.D. Ill. Jan. 2, 2019).   The relevant factors in considering whether to stay an action are: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." Markel American Ins. Co. v. Dolan, 787 F.Supp.2d 776, 779 (N.D. Ill. May 11, 2011); see Mintun v. Kenco Logistics Services LLC, 2020 WL 1700328, at *1 (C.D. Ill. April 7, 2020).

Regan urges the Court to apply the standard for stays pending appeal in this case.  Plaintiff's Opposition to Defendant's Motion to Stay Proceedings (d/e 13) (Opposition), at 3-4 (The Court cites to the pagination from the Court's CM/ECF system because Plaintiff did not number the pages of his Opposition.).  The Court disagrees.  A stay pending appeal stays a proceeding while a party in that proceeding seeks to challenge a

lower court decision in that proceeding. The standard for a stay pending appeal tracks the standard for a preliminary injunction because such a stay effectively enjoins the effect of lower court's decision. See In re A& F Enterprises, Inc. II, 742 F.3d 763, 766 (7th Cir. 2014). In this case, Bajco does not seek to stay an adverse decision in this case. The question here is how to manage the course of this case. The standard for stays pending appeal does not apply. The Court addresses the appropriateness of a stay pending the outcome of the McDonald, Tims, Marion, and Cothron cases as follows.

### McDonald

In McDonald, The Illinois Supreme Court will address whether the IWCA preempts BIPA actions by employees against employers. The Illinois Appellate Court, lower Illinois courts, and federal district courts have consistently found that the IWCA does not preempt claims for statutory damages. See, McDonald v. Symphony Bronzeville Park, 2020 IL App (1st) 192398 ¶ 27, 2020 WL 5592607, at *8 (Ill. App. Ct. 1st Dist. September 18, 2020); Herron v. Gold Standard Baking, Inc., 2021 WL 1340804, at *2 (N.D. Ill. April 9, 2021); Mintun, 2020 W 1700328, at *2; Plaintiff's Opposition to Defendant's Motion to Stay Proceedings (d/e 13) (Opposition), at 4 n.4

(collecting Illinois trial court decision on IWCA preemption).[1]  The Illinois Appellate Court decision in McDonald is currently authoritative and controlling on this issue.  See Nationwide Agribusiness Ins. Co. v. Dugan, 810 F.3d 446, 450 (7th Cir. 2015) ("Where the Illinois Supreme Court has not ruled on an issue, decisions of the Illinois Appellate Courts control, unless there are persuasive indications that the Illinois Supreme Court would decide the issue differently.").

    The Illinois Supreme Court could disagree with these courts and find IWCA preemption.  If so, this matter would be resolved.  Such an outcome is unlikely given authoritative decision from the Illinois Appellate Court and the persuasive authority from the other Illinois courts and federal district courts.  See Herron, 2021 WL 1340804, at *2; Mintun, 2020 WL 1700328, at *2.  Under these circumstances the Court finds that a stay to wait for a decision in McDonald is not likely to simplify the issues, streamline the trial, or reduce the burden of litigation on the parties.  The Court will not grant a stay to wait for a decision in McDonald.

---

[1] The Court uses the pagination from the Court's CM/ECF system since Regan did not paginate his Opposition.  See Local Rule 5.1(B) ("All documents must have one inch margins on all sides and each page must be numbered.").

Tims and Marion

The Tims and Marion decisions could also materially affect this case by determining the appropriate statute of limitations. The applicable statute of limitations could also affect whether Regan has a claim, depending on when he worked for Bajco. The Complaint does not allege his dates of employment. See Complaint, ¶¶ 1, 33-70. The five-year catchall statute would also include more employees in the potential class than the one-year rights to privacy statute. The size of the class could materially affect the scope of discovery. Knowing whether Regan's claim is barred and knowing the scope of the possible class claims would simplify issues and streamline the trial. Greater certainty about Regan's claim and the scope of the possible class would also reduce the burden of litigation on the parties.

No Illinois Appellate Court has decided the appropriate statute of limitations for BIPA claims. The Tims and Marion decisions, therefore, could be controlling if the two courts agree on the correct statute of limitations for BIPA. Nationwide Agribusiness Ins. Co., 810 F.3d at 450 (7th Cir. 2015). An authoritative decision from the Tims and Marion courts could provide clarity that could simplify the issues, streamline the trial, and reduce the burden of litigation on the parties. See Id., at *4.

Regan again argues that a stay is not necessary because the lower courts have found that the five-year catchall statute applies. See Bryant v. Compass Group USA, Inc., 2020 WL 7013963, at *1 (N.D. Ill. 2020); Opposition, at 4, (citing Meegan v. NFI Indus., Inc., 2020 WL 3000281, at *4 (N.D. Ill. June 4, 2020); and Burlinski v. Top Golf USA Inc., 2020 WL 5253150, at *8 (N.D. Ill. Sept. 3, 2020); Robertson v. Hostmark Hospitality Group, Inc., 2019 WL 8640568, at *4 (Ill. Cir. Ct. July 31, 2019). Unlike the IWCA preemption issue, no Illinois Appellate Court has issued a decision on the applicable statute of limitations in BIPA cases. In light of the lack of an Illinois Appellate Court decision, the Court concludes that a stay is appropriate. See Herron, 2021 WL 1340804, at *3; Roberson v. Maestro Consulting Services LLC, 2021 WL 1017127, at *2 (S.D. Ill. March 17, 2021); Varnado v. West Liberty Foods, 2021 WL 545628, at *1 (N.D. Ill. 2021 January 5, 2021); but see Quarles v. Pret A Manger (USA) Limited, 2021 WL 1614518, at *4 (N.D. Ill. April 26, 2021) (denying a stay based on the pendency of Illinois Appellate Court cases on the issues.). Further, the potential delay from waiting for a decision in Tims decision, at least, may be minimal because the case was fully briefed by the time the Varnado decision was issued in January 2021. See Varnado, 2021 WL 545628, at *2.

Cothron

The Cothron decision could also materially affect whether Regan's cause of action accrued. If the Seventh Circuit determines that a BIPA cause of action accrues once when a defendant initially collected biometric data, then the statute of limitations in this case ran from the day Regan allegedly first provided his fingerprint to Bajco when he started work. If the Seventh Circuit determines that a new violation occurs every time an employee clocks in or out with a fingerprint, then Regan accrued a new cause of action each day he worked for Bajco. Regan's claim would not be entirely barred as long as his last day of work was within the statute.

The Cothron decision could also materially affect the scope of the possible class claims. If the cause accrued only once when the employee first provided his or her fingerprint, then the class would be limited to persons hired within the statute of limitations. If a new cause accrued every time the employee clocked in or out, then the class could include every person who worked for Bajco during the limitations period, even employees hired before the limitations period. The scope of the possible class will materially affect the size of the class, the scope of discovery on class claims, and the trial of class claims. In light of these considerations, staying the matter until a decision in Cothron will provide clarity that will

simplify the issues, streamline the trial, and reduce the burden of litigation on the parties.  See Herron, 2021 WL 1340804 at *5; Roberson, 2021 WL 1017127 at *2.

Regan argues that a stay will prejudice him and members of the class because Bajco continues to retain the biometric information and all are at risk:

> If this lawsuit is stayed Plaintiff and the proposed Class will continue to have a Sword of Damocles hanging over their heads as a result of Defendant's unauthorized and unlawful data collection, waiting for their data to be either mis-used by Defendant or any third-party Defendant chose to distribute their Biometrics too; or worse yet for a malicious actor to steal their Biometric data because there are no known data security measures in place.

Opposition, at 7.  Regan also notes that the BIPA expressly discusses the risk to individuals from identity theft if biometric information is stolen.  Id. at 8, citing 740 ILCS 14/5(c).  Regan's concern in this case is speculative at best.  Regan does not allege any actual injury from Bajco's alleged collection, retention, and dissemination of his fingerprint.  Regan only asks for statutory damages.  Complaint, Prayer for Relief.  Given the lack of any showing or even allegation of concrete harm, Regan's speculation is not sufficient to outweigh the benefits to the stay to further this litigation.

THEREFORE, IT IS ORDERED that Defendant Bajco Illinois LLC's (Bajco) Motion to Stay Proceedings (d/e 12) is ALLOWED.  This matter is

STAYED until August 19, 2021.  The parties are directed to inform the Court when decisions are entered in the Tims, Marion, and Cothron cases. The parties are also directed to file a status report by August 10, 2021, informing the Court of the status of the Tims, Marion, and Cothron cases and the parties' positions on the appropriateness of continuing the stay.

ENTER:   May 21, 2021

                       s/ *Tom Schanzle-Haskins*
                      TOM SCHANZLE-HASKINS
                  UNITED STATES MAGISTRATE JUDGE